UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMIE LYNN STOUT,

    Plaintiff,

v.                                          Case No.:  2:21-cv-164-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

    Plaintiff Jamie Lynn Stout filed a Complaint on March 1, 2021.  (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits.  The Commissioner filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum detailing their respective positions.  (Doc. 21).  For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**    **Social Security Act Eligibility**

    The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a

continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## II. Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on January 4, 2019, alleging a disability onset date of July 1, 2018. (Tr. at 15).[1] Plaintiff's claim was denied initially on May 29, 2019, and upon reconsideration on August 30, 2019. (*Id.*). Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and ALJ Mario G. Silva held a hearing on June 16, 2020. (*Id.* at 36-73; *see also* Tr. at 15). The ALJ issued an unfavorable decision on August 26, 2020. (*Id.* at 15-30). The Appeals Council subsequently denied Plaintiff's request for review on January 7, 2021. (*Id.* at 1-3). Plaintiff then filed her Complaint with this Court on March 1, 2021, (Doc. 1), and

---

[1] The SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (Jan. 18, 2017). The new regulations apply in Plaintiff's case because Plaintiff filed her claim after March 27, 2017.

the parties consented to proceed before a United States Magistrate Judge for all purposes. (Docs. 13, 19). The matter is, therefore, ripe for the Court's review.

**III.     Summary of the Administrative Law Judge's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2023. (Tr. at 18). At step one of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 1, 2018, the alleged onset date. (*Id.*). At step two, the ALJ determined that Plaintiff has the following severe impairments: "lumbar degenerative disc disease status post fusion, migraines, depression, anxiety, attention deficit disorder [("ADD")], and ankle degenerative joint disease (20 [C.F.R. §] 404.1520(c))." (*Id.*).

At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1 (20 [C.F.R. §§] 404.1520(d), 404.1525[,] and 404.1526)." (*Id.*).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC"):

> [T]o perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) except the claimant can lift up to 10 pounds occasionally and lesser weights frequently; stand and/or walk for about two hours and sit for up to six hours in an eight hour workday with normal breaks; never climb ladders, ropes, or scaffolds; occasional climbing of ramps or stairs; occasional balancing, stooping, kneeling, crouching, and crawling; limited to no more than a moderate noise environment with a level of 3 as defined by the SCO; limited to no more than occasional exposure to moderate levels of vibration as defined by the SCO; limited to no more than occasional exposure to no more than moderate levels of environmental irritants such as fumes, odors, dusts, or gases; no exposure to hazards such as unprotected moving mechanical parts or unprotected heights; no commercial driving; limited to an ambient light environment where there are no bright strobes or bright lights and where the lighting level does not exceed that normally found in a typical office setting; the individual is able to understand, remember, and carryout simple instructions or tasks; the individual is able to make judgments on simple work-related decisions in such work environment; the individual is able to interact appropriately with others in such a work environment; the individual is able to respond and adapt to routine work situations and to occasional changes in a work setting without special supervision with simple instructions or tasks.

(*Id.* at 21). The ALJ also determined that Plaintiff "is unable to perform any past relevant work (20 [C.F.R. §] 404.1565)." (*Id.* at 28).

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 [C.F.R. §§] 404.1569 and 404.1569(a))." (*Id.* at 29). Specifically, the ALJ, relying on Vocational Expert ("VE") testimony, found that Plaintiff "would be able to perform the requirements of representative occupations" such as: Document Preparer (*Dictionary of Occupational Titles* ("DOT")# 249.587-018); Call Out Operator (DOT# 237.367-014); and Addresser (DOT# 209.587-010). (*Id.*). For these reasons, the ALJ held that Plaintiff "has not been under a disability, as defined in the Social Security Act, from July 1, 2018, through the date of this decision." (*Id.* at 30).

## IV. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (a court must scrutinize the entire record to determine reasonableness of factual findings).

**V.   Analysis**

On appeal, Plaintiff raises two issues. As stated by Plaintiff, the issues are:

1. Whether the ALJ properly accounted for Plaintiff's migraine headaches in the RFC, which he found to be a "severe" impairment; and

2. Whether the ALJ's credibility analysis is generally flawed as a result of the above error, and specifically so because it fails to acknowledge or discuss Plaintiff's excellent work history.

(Doc. 21 at 9, 17). The Court addresses each issue in turn below.

**A.   The ALJ Properly Assessed Plaintiff's Migraine Headaches.**

Plaintiff first argues that the ALJ erred by failing to "fully account for [Plaintiff's migraine headaches] in his RFC finding." (Doc. 21 at 11 (citing Tr. at 21)). According to Plaintiff, the ALJ failed to include any "off-task" or "absence" limitations in the RFC, despite Plaintiff's allegations that she experiences migraines "15 or more times per month." (*Id.* at 12). Despite including limitations in

6

Plaintiff's RFC related to avoiding noise, light, and odor levels, Plaintiff contends that "none of these are the trigger for her migraines [and avoiding] them does not *prevent* a migraine from occurring." (*Id.* at 13 (emphasis in original)). Because the ALJ failed to consider "how [Plaintiff] is supposed to work[] while a migraine is occurring," Plaintiff argues the ALJ's RFC does not account for all of Plaintiff's limitations. (*Id.*).

In response, the Commissioner argues that the ALJ reasonably accounted for any limitations Plaintiff may experience from her migraines, and that the ALJ's RFC finding is supported by the evidence of record. (*Id.* at 14-17). Additionally, the Commissioner argues that Plaintiff failed to prove that her migraines imposed additional limitations on her ability to work. (*Id.* at 14-15). According to the Commissioner, diagnoses of migraines and complaints of associated symptoms "do[] not establish that [Plaintiff] had additional limitations due to migraines." (*Id.* at 15).

The RFC is "the most" Plaintiff can do despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). To determine a plaintiff's RFC, the ALJ must use all relevant medical and other evidence in the record. *Phillips*, 357 F.3d at 1238; 20 C.F.R. § 404.1545(e). When the Commissioner's decision is supported by substantial evidence, however, the Court will affirm, even if the Court would have reached a contrary result as the ALJ and even if the Court finds that "the evidence preponderates against" the Commissioner's decision. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

7

The Court finds that the ALJ (1) sufficiently evaluated Plaintiff's migraine headaches, (2) incorporated limitations related to Plaintiff's migraine headaches into the RFC, and (3) asked the VE hypothetical questions that included those limitations. Accordingly, the Court finds that the ALJ's RFC determination is supported by substantial evidence.

To begin, the ALJ evaluated Plaintiff's alleged migraine headache limitations and impairments within the RFC determination and throughout the entire decision. The ALJ noted that the objective medical documentation does not support Plaintiff's allegations that she suffers migraine headaches on an almost daily basis. (Tr. at 19). To support this contention, the ALJ pointed to Plaintiff's medical treatment records, which shows Plaintiff "received neurology treatment for her headaches for less than a year" and that treatment notes from one of Plaintiff's physicians, Dr. Leach, "generally do not reflect any complaints of headache." (*Id.* (citing Tr. at 350-64, 706-15, 853-85, 1010-22)). Upon review, it appears that the primary complaints in many of Plaintiff's medical records consist of ADD, depression, chronic back pain, and skin rashes or allergies. (*See id.* at 355, 359, 362-63, 937, 1011).

Despite the dearth of migraine complaints in Plaintiff's longitudinal record, the ALJ still notes Plaintiff's history of migraine headaches throughout the decision. For example, during step four of the sequential analysis, the ALJ underscores Plaintiff's December 2018 emergency department presentation, where she reported "generalized weakness, pain in all her joints, intermittent headaches, and a rash on her legs and face." (*Id.* at 22 (citing Tr. at 755, 757, 765)). The ALJ further notes

8

Plaintiff's medical records that include "a history of migraines." (*Id.* at 23 (citing Tr. at 373, 375-76)). In addition, the ALJ reviewed Plaintiff's August 2019 emergency department presentation, where Plaintiff "presented at the hospital with right-sided hemiparesis, right facial droop, a slurred voice, and visual disturbance." (*Id.* (citing Tr. at 808)). In his decision, the ALJ notes that Plaintiff was "assessed to have experienced a complex migraine," and was referred for outpatient physical therapy. (*Id.*). The ALJ also outlines Plaintiff's migraine complaints from 2019 and 2020, where Plaintiff's medical records show complaints of migraines with "visual auras of dots with no specific triggers" and Plaintiff reports "having migraines every day that lasted all day long." (*Id.* at 23-24 (citing Tr. at 707, 712-13, 715, 857, 860-63, 866-73, 1012, 1031)).

Moreover, following the ALJ's assessment of the objective medical evidence related to Plaintiff's headaches, the ALJ specifically considered Plaintiff's subjective symptom allegations and found them "inconsistent with the longitudinal evidence of record." (*Id.* at 26 (citing Tr. at 707-15, 853-85)). The ALJ also considered Florida Neurology Group's recommendation that Plaintiff should undergo a Botox treatment and "engage in limited work . . . while undergoing th[at] treatment," (*id.* at 28 (citing Tr. at 1030-33)), and found that recommendation "consistent with the ability to perform unskilled sedentary activities," (*id.* (citing Tr. at 707-15, 853-85)).

Along with reviewing Plaintiff's medical record, the ALJ considered Plaintiff's hearing testimony in formulating the RFC. (*See id.* at 26-27 (discussing Plaintiff's statements about the intensity and frequency of her symptoms)). Additionally,

9

during the hearing, the ALJ asked if "migraines [are] also an issue," to which Plaintiff responded that she "do[es not] like to be where there is light out" because her migraines cause "extreme pain and sometimes twitching." (*Id*. at 50). Accordingly, the ALJ elicited testimony from a VE and presented a hypothetical individual with a series of additional restrictions, including requiring an "environment where there are no bright strobes or bright lights and where the lighting level does not exceed that normally found in a typical office setting," as well as limitations related to noise, vibration, environmental irritants, and hazards. (*Id*. at 64-65). While the VE testified that such restrictions would not allow for the performance of Plaintiff's past work, the VE asserted that the jobs of document preparer, callout operator, and addresser are all compatible with the limitations identified by the ALJ. (*Id*. at 66).

      The ALJ incorporated the above limitations related to Plaintiff's migraine headaches into Plaintiff's RFC, including: no more than moderate noise; no more than occasional exposure to moderate levels of vibration; no more than occasional exposure to moderate levels of environmental irritants such as fumes, odors, dusts, or gases; and limited to an ambient light environment where there are no bright strobes or bright lights, and where the lighting level does not exceed that normally found in a typical office setting. (*Id*. at 21). The ALJ stated that he "finds the claimant has the above [RFC] assessment, which is supported by the longitudinal evidence of record." (*Id*. at 28). The ALJ further added, "the undersigned has considered the claimant's

migraines by limiting . . . the claimant's exposure to noise, vibration, and lighting." (*Id.*).

Plaintiff argues that the ALJ erred by not including an additional limitation in the RFC related to the frequency of Plaintiff's migraine headaches. (Doc. 21 at 12). Plaintiff contends that, because the "record reveals [Plaintiff] was experiencing migraines 15 or more times per month," the ALJ erred by not including an "off-task" or "absence" limitation in the RFC. (*Id.*). Plaintiff's argument, however, falls short. Plaintiff failed to provide evidence to support her frequency and severity allegations. Moreover, Plaintiff failed to identify additional evidence that she contends the ALJ failed to consider in his decision. (*See* Doc. 21).

Thus, the Court finds that the ALJ properly accounted for Plaintiff's migraine headache impairments in the RFC as evinced by his assessment of the evidence related to the impairment and his inclusion of with specifically tailored RFC limitations. Moreover, because the limitations assessed by the ALJ are directly related to the evidence of record, the Court finds that the ALJ's RFC determinization is supported by substantial evidence. Where an ALJ's disability determination is supported by substantial evidence, "even if [the reviewer] would have reached a contrary result" as finder of fact, the district court will affirm. *Edwards*, 937 F.2d at 584 n.3; *Barnes*, 932 F.2d at 1358.

Accordingly, the Court finds that the ALJ's decision is supported by substantial evidence and remand is not required as to this issue.

### B.      The ALJ Properly Completed a Subjective Symptom Evaluation.

Plaintiff argues that the ALJ erred by failing to acknowledge or discuss Plaintiff's "strong work history" in evaluating Plaintiff's "credibility." (*See* Doc. 21 at 18-20 (citations omitted)).  While Plaintiff acknowledges that "the credibility factor of work history [does not] automatically carr[y] more weight than the other factors . . . fundamental fairness requires [its] consideration." (*Id.* at 20 (citations omitted)).

In response, the Commissioner argues that Plaintiff's "narrow argument" provides "no basis for remand," because there is no requirement that an ALJ must discuss or consider work history as a favorable factor.  (*See id*. at 20-22 (citations omitted)).

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test:  "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)).  After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine whether it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)).  If an ALJ discredits the subjective testimony of a plaintiff,

then the ALJ must "articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (citations omitted). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

The factors an ALJ must consider in evaluating a plaintiff's subjective symptoms are: "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)).

The Court finds that the ALJ's subjective symptom evaluation is supported by substantial evidence and the ALJ did not err by failing to expressly analyze Plaintiff's work history in the context of the subjective symptom evaluation.

As an initial matter, while Plaintiff refers to the ALJ's subjective symptom evaluation as a "credibility analysis," SSR 16-3p eliminated the use of the term "credibility" in the sub-regulatory policy. SSR 16-3p, 81 Fed. Reg. 14166, 14171.[2]

---

[2] Plaintiff does note this, stating, "Plaintiff will continue to use the word credibility in this section of the brief, since it is in common usage, but only means by using it the Agency's required analysis of consistency and supportability." (Doc. 21 at 19 n.3).

13

SSR 16-3p stressed that, when evaluating a claimant's symptoms, the adjudicator will "not assess an individual's overall character or truthfulness" but instead "focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the adjudicator's evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities." *Id.* SSR 16-3p clarifies that adjudicators will consider whether the "individual's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record." *Id.* at 14170. The ALJ's opinion, read in context, did not assess Plaintiff's "character or truthfulness," but rather, consistent with the two-step process for evaluating symptoms, it assessed Plaintiff's subjective complaints and found that they conflicted with the other evidence in the record. (*See* Tr. at 26-27 (citations omitted)); *see also* SSR 16-3p, 81 Fed. Reg. 14166, 14170-71; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1308 n.3 (11th Cir. 2018).[3]

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause Plaintiff's alleged symptoms, but her

---

[3] "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010) (citing *Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990)). While Social Security Rulings are not binding on the Court, they are still afforded "great respect and deference, if the underlying statute is unclear and the legislative history offers no guidance." *Id.* (citing *B. ex rel. B. v. Schweiker*, 643 F.2d 1069, 1071 (5th Cir. 1981)).

statements concerning the intensity, persistence, and the limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record for the reasons stated in his decision. (Tr. at 22, 26-27).

The ALJ discussed Plaintiff's allegations of pain and symptoms related to Plaintiff's migraine headaches, ADD, and depression, but contrasted these allegations with: (1) Plaintiff's normal gait and ability to ambulate independently; (2) Plaintiff's ability to live with roommates; (3) Plaintiff's independence in her activities of daily living after completing occupational therapy in October 2019; (4) medical records noting that Plaintiff was in "no acute distress" and reported zero pain; and (5) Plaintiff's discharge from physical and occupational therapy after making "excellent progress" and meeting all of her goals. (*See id.* at 18-27 (citing Tr. at 358-62, 366, 368, 574-77, 584-86, 707-715, 853-85)). While Plaintiff underwent an L5-S1 fusion in 2012, the AJL underscored that Plaintiff's 2015 imaging results described Plaintiff's lumbar spine as "absolutely superb" with no evidence of nerve root impingement. (*Id.* at 19, 22, 26 (citing Tr. at 284)). The ALJ further noted that, "[s]ince that time, there has been no recommendation for further surgery," and Plaintiff "has not required any psychiatric hospitalizations or inpatient mental health treatment." (*Id.* at 26-27). After considering Plaintiff's subjective symptoms and providing an in-depth discussion and summary of Plaintiff's associated medical evidence, the ALJ concluded that Plaintiff could perform sedentary work activity with some limitations, consistent with the RFC finding. (*See id.* at 21-27). The Court finds that the ALJ's subjective symptom evaluation is supported by substantial

15

evidence in the record. (*See* Tr. at 358-62, 366, 368, 574-77, 584-86, 707-715, 853-85).

The Court also finds that the ALJ did not err by failing to explicitly discuss Plaintiff's work history in the context of the subjective symptom determination. Plaintiff argues that "her strong work history" enhances her credibility, but as stated above, the ALJ's determination assesses the consistency and supportability of Plaintiff's subjective allegations, not Plaintiff's credibility. *See* SSR 16-3p, 81 Fed. Reg. 14166, 14170-71; *Hargress*, 883 at 1308 n.3. The subjective symptom evaluation is the province of the ALJ and this Court declines to disturb it in light of the substantial supporting evidence in the record cited by the ALJ. *See Foote*, 67 F.3d at 1562. Moreover, when an ALJ conducts a subjective symptom evaluation, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision enables the district court to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Adams v. Comm'r of Soc. Sec.*, 586 F. App'x 531, 533 (11th Cir. 2014) (quotations omitted). Put another way, the ALJ was required to *consider* all of the evidence presented, including Plaintiff's work history, *see* 20 C.F.R. § 404.1529(c)(3), however, he was not required to expressly *discuss* it, *see Mahon v. Comm'r of Soc. Sec.*, No. 8:16-cv-1462-T-JSS, 2017 WL 3381714, at *10 (M.D. Fla. Aug. 7, 2017) (finding that the ALJ did not err by failing to discuss a plaintiff's work history in the context of the credibility assessment). Moreover, the ALJ noted Plaintiff's past relevant work in his determination. (Tr. at 28 (finding that Plaintiff is unable to perform her past relevant

16

work as an exercise instructor, waitress, healthcare sales manager, and clerical worker)). The ALJ also considered Plaintiff's testimony during the hearing in which she stated that she worked full time in sales for "Ideal Image of Florida," as a personal trainer and manager at "Exploit Fitness," and as a server at "Carrabba's Italian Grill." (*Id*. at 43-47).

In sum, the Court finds that the ALJ considered the entire record of evidence and appropriately found it inconsistent with Plaintiff's subjective complaints of pain. (*See id*. at 18-28); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the Court] to conclude that [the ALJ] considered [Plaintiff's] medical condition as a whole.") (quotations omitted and citing *Foote*, 67 F.3d at 1561). Accordingly, the ALJ's subjective symptom determination is supported by substantial evidence and the ALJ's decision is due to be affirmed as to this issue.

## VI.     Conclusion

Upon consideration of the parties' submissions and the administrative record, the Court finds that the ALJ's decision is due to be affirmed. Accordingly, the Court **ORDERS** that:

> 1.  The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g); and

17

2. The Clerk of Court is directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 13, 2022.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties